ce: Som

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 01 2013

at 4 o'clock and 00 min. P.M.
SUE BEITIA, CLERK

ORIGINAL

CV13 00501 SOM KSC

**BRIAN EVANS, PLAINTIFF, PRO SE**

P.O. Box 1201

Keaau, Hawaii 96749

v.

**LANI STARK, AKA LANI STARR, LANI STARR** individually and as owner of Mystic Love

15 Lani Paa Way

Kula HI 96760 Defendant,

**JOEL EDELMAN**, Individually and in his Official Capacity as an Attorney

1135 Makawao Ave, Suite 204, Makawao, HI 96768, Defendant,

**Mystic Love**, 15 Lani Paa Way Kula HI 96760 Defendant

CASE NUMBER: _____

COMPLAINT FOR SLANDER, DEFAMATON OF CHARACTER, FRAUD, LIBEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

**PARTIES**

Brian Evans, A resident and citizen of Hawaii

Lani Stark (AKA Lani Starr and Lani Star), A resident and citizen of Hawaii

Joel Edelman, A resident and citizen of Hawaii

## JURISDICTION

Venue is proper per 28 USC 1391 given a substantial part of the event given rise to this claim occurred in this district

Plaintiff, BRIAN EVANS, Pro Se, is a citizen and resident of the state of Hawaii, as are the Defendants in this matter. Plaintiff is filing suit for Slander, Defamation of Character, and Intentional Infliction of Emotional Distress.

Defamation—also called calumny, vilification, or traducement—is the communication of a false statement that harms the reputation of an individual, business, product, group, government, religion, or nation. Most jurisdictions allow legal action to deter various kinds of defamation and retaliate against groundless criticism.

A recently filed case illustrates the application of a libel claim in a blogging case in NY, Stuart Pivar v. Seed Media, 2007cv07334, Filed August 16, 2007, in New York Southern District Court. Seed Media pays PZ Myers to blog at ScienceBlogs.com, and there he reviewed a book by Dr. Stuart Pivar, called "LifeCode: The Theory of Biological Self Organization" which purports to reconfigure Darwinian Evolution.

Myers claimed Pivar is a "classic crackpot" on his http://scienceblogs.com/pharyngula website. In response, the lawsuit complaint states, "Myer's defamatory remarks were made with actual malice; Myers called Plaintiff "a classic crackpot" fully knowing that statement to be false as a statement of fact and in reckless disregard of the truth about Plaintiff because Myer's knew full well, the time of publishing his defamatory statement that no scientist holding the international reputation of any of Hazen, Sasselov, Goodwin or Tyson would endorse or review the work of a crackpot."

The complaint claims Myers caused "considerable mental and emotional distress," tortious interference

with the plaintiff's business relationships as a "scientist and scientific editor," and "loss of book sales and diminished returns on ten years of funded scientific research in special damages" exceeding $5 million.

The suits asks for: declaratory relief to remove defamatory statements from the web and an injunction to block further libel; $5 million in special damages for "tortious interference with business relations"; and $10 million in damages for defamation, emotional distress, and loss of reputation.

This lawsuit well illustrates the libelous cause, effect and damages of a proper tort case based upon defamation.

If the defamation tends to injure the plaintiff in his or her business or profession, it is deemed defamation per se, and damages will be presumed.

Chowdhry v. NLVH, Inc., 109 Nev. 478, 483-84, 851 P.2d 459 (1993).

Chowdhry v. NLVH, Inc., 109 Nev. 478, 483, 851 P.2d 459 (1993)(citing Restatement (Second) of Torts, § 558 (1977)) states: In order to establish a prima facie case of defamation, a plaintiff must prove a false and defamatory statement by defendant concerning the plaintiff; an unprivileged publication to a third person; fault, amounting to at least negligence.

In the present case, Exhibit I of this Complaint Defendants make outrageous and untrue claims against the Plaintiff, and numerous other exhibits will be provided as posted by the Defendants on various websites too numerous to attach to this initial Complaint, but will be forthcoming.

In Beauharnais v. Illinois, 343 U.S. 250, 72 S. Ct. 725, 96 L. Ed. 919 (1952), the Court held that libelous speech is not protected by the Constitution.

## **BACKGROUND**

Brian Evans is a professional singer and songwriter, and a member of the National Academy of

Recording Arts & Sciences and The Screen Actors Guild. He is also a member of the library of The National Baseball Hall of Fame, whose music videos have been viewed by more than 29 million people around the world (See **Exhibit A**).

Plaintiff is the first solo artist in the history of Fenway Park to film a music video at the historical landmark, and his music video and other elements of his most recent project are now in contention for multiple Grammy Awards. William Shatner portrayed the home plate umpire character in his music video.

Prior to the music video being filmed, Plaintiff produced the Maui Celebrity Series, for which then-Governor Linda Lingle awarded him a Commendation for bringing financial resources and employment to citizens of Hawaii (See **Exhibit B**).

After determining that co-defendant Lani Stark (also known by a variety of other names on island) was stealing money, in Plaintiff's belief, from the ticket booth, she was fired. This sent Stark on a rampage. The National Academy of Recording Arts & Sciences, re-known vocal coach Seth Riggs and Deepak Chopra both have sent her cease and desist letters for utilizing their names (<u>letters from both of them confirming this will be exhibited in Plaintiffs Reply to Defendants undoubtedly forthcoming Answer to this Complaint</u>) to promote her website with advertisements such as "Grammy Winning Vocal Coach," when there is in fact no such category for the Grammy's. The National Academy of Recordings Arts & Sciences personally sent Lani Star a "Cease & Desist" letter, and will also be supplying an Affidavit to this Honorable Court. Further, Deepak Chopra, who is neighbors with Plaintiff's personal manager (and a golfing buddy) has never heard of her, had his office send her a Cease and Desist letter, and has numerous complaints made against her by former vocal associates (she is unlicensed to offer vocal lessons in the state of Hawaii, but offers them anyway), including Seth Riggs, whom will also be filing an Affidavit with this Honorable Court as she continues to promote herself as "Seth Riggs Authorized."

Plaintiff has personally spoken to Seth Riggs, who in the past was his own vocal coach, and who refers to Lani Stark as "a nut."

Co-Defendant Edelmen has made numerous false and libel filled statements against the Plaintiff, publicly and through the Internet (in addition to the above, cases will be cited to its relevance in Plaintiff's forthcoming Reply to Plaintiff's Answer, as well as false statements that he has made online that will undoubtedly confirm his various false comments that are backed up by nothing more than his clients nonsense, and his own).

## COUNT ONE

## **DEFAMATION**

Statements by the co-defendants are untrue, and their constant and admitted internet postings have caused Plaintiff damages throughout the world online. Various Affidavits will be submitted to a multitude of potential employers whom have specifically avoided the Plaintiff due to statements made by the co-defendants for which have caused him millions of dollars in damages.

The Court on Maui itself has reached its end with this Plaintiff, itself banning the Plaintiff from filing numerous lawsuits without Court consent due to the barrage of lawsuits this unemployed, mentally unstable individual has wreaked upon the court docket.

The Co-Defendants have been on a mission to cause Plaintiff, and other individuals who intend to appear before this Honorable Court, as much inconvenience and defamation as possible.

Co-Defendant Edelman (**Exhibit C**) shockingly states: "This person has a long history of felony criminal conduct and of having many money judgments against him." This remark is completely untrue, and Plaintiff will exhibit his credit reports to the Court in his forthcoming Reply to the co-defendants forthcoming Answer to this Complaint which will prove, without doubt, that this statement is false,

misleading, libelous, and without merit. To actually be quoted as stating Plaintiff has a "long history of felony criminal conduct" is so outrageous that it is going to result in a complaint with the Hawaii Bar Association against this rogue attorney. To further prove this point is the fact that Major League Baseball, who conducts background checks that would make running for President of the United States appear to be a walk in the park, would put its logo next to this Plaintiff's latest CD release, or that Narada Michael Walden, named one of the ten most successful record producers in the world by Billboard Magazine would produce him, says it all. Plaintiff has a conviction more than 20 years ago for which he was sentenced to probation, was pardoned, and has never been in trouble since. This will also be exhibited in Plaintiff's forthcoming Reply. Where this co-defendant Edelman gets off calling that a "long history of felony conduct" is simply beyond the Plaintiff to comprehend, and the Plaintiff joyously looks forward to the co-defendant showing this Honorable Court this long history of felonious conduct that would permit him to make such statements throughout the world via the internet on behalf of his client, a client the court in Maui won't even permit to file further lawsuits without Court permission. It's utterly absurd.

Co-Defendants Lani Star (or Starr) is no stranger to litigation (**Exhibit D**), nor is her cohort attorney Joel Edelman (**Exhibit E**). They both live to make the lives of people who have one as miserable as possible, and frankly, the discovery and Affidavits that will before this Honorable Court shall be staggering.

In an unusual move, the Maui court scheduled a hearing solely to deem co-defendant Stark a "Vexatious Litigant" (Page 1, Exhibit D), so the list is long whom have been victimized by Lani Stark. Therefore, this Court should certainly consider this when the Co-Defendants, who make a living off suing people, are told by their own court that they are not allowed to file any further suits. It's simply how they make their living, and the court stopped them.

There are numerous lawsuits filed by Lani Star (or "Starr") in the Maui Courts, and *twenty lawsuits* filed

by her using her real name, so much so, that the court there has prevented her from using the court as her own personal harassment tool when she's either fired, or when her scams are discovered. The judge in Maui has banned her from filing actions of any kind unless she can show cause as to why they should go forward in the first place. She uses the courts to harass, not to seek true justice, as even the Court there agrees.

Statements made in Exhibit C are so completely outrageous, unfounded, and false, that the Plaintiff hardly knows where to begin. And while Defendant does not mention Plaintiff by name, it is public record as to whom she claim she had sued.

The Co-Defendants in this case have slandered numerous individuals, all of whom are lining up to testify to this face, and the Affidavits that will be forthcoming before this Court from the various "clients" she has taught "vocal lessons" to, not to mention the accolades she has awarded to herself (as the National Academy of Recording Arts, Deepak Chopra, and a list far too long anxiously await filing Affidavits for).

Nearly every statement in Exhibit I, as noted below, is false, libelous, and defamatory.

### COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Defendants, through their numerous phone calls, threats, and cyber-bullying have caused the Plaintiff untold emotional distress that continues to this day. The Plaintiff has suffered headaches, sleeplessness, and numerous other elements pertaining to Defendants ongoing actions that are based on nothing more than fiction, while relying on a lawsuit they filed against the Plaintiff several years ago for which he was not even in the state of Hawaii to defend. Based on that alone, the outrageous remarks made in Exhibit C, with no evidence whatsoever, have caused Plaintiff untold damages to his name and career, as one need only Google on the Internet. Numerous Affidavits shall be submitted

through the course of Discovery that will confirm statements made by the Defendants themselves, as well as the names they, in their desperation to have some sort of notoriety for which their lives have never achieved, continue to use without permission, as Deepak Chopra and the Academy will confirm in forthcoming Affidavits that support my Complaint.

Plaintiff also intends to subpoena all email accounts and IP records of the Co-Defendants, as well as all emails held by Google, Yahoo, and respective IP servers as this case proceeds, and for which these co-defendants undoubtedly believe the button "delete" merely rids them of. Plaintiff contends the defendants are in for an education on how little the "delete" button actually means on their computers.

Her attempt is to smear Plaintiff's name, and numerous others who, when learning who she is (and what she is) have chosen to have nothing to do with her. The exhibits speak for themselves, with far more being prepared for this Honorable Court to review.

## COUNT THREE

### SLANDER

Statements made by both Defendants in this case claim that Plaintiff has a long history of felony activity, has a lover, and numerous other derogatory remarks that are completely untrue in Exhibit C of this Complaint. The Plaintiff could literally "go on forever" in describing just how untrue the remarks are, and how easily provable it will be for the remarks to be proven absurd.

## COUNT FOUR

### FRAUD

**Exhibit F** notes co-defendant Lani Star lists her business address, in her own "Yelp" website listing, as the very same address as her attorney, Joel Edelman (**Exhibit G**). One can only assume their relationship

exceeds a business one. As **Exhibit H** confirms, this is a residential address, and not a business address.

Further, **Exhibit I** (page 3 of 6) claims, in a print out from her very own website, that she charges upwards of $400 an hour for her unlicensed vocal lessons. As the Hawaii business license website confirms (**Exhibit J**), she maintains no business filing for "Mystic River," "Lani Star," or "Lani Starr."

Finally, despite her claims on the last page of Exhibit I, the US Copyright office lists no copyright whatsoever for anything under the name Lani Starr, Lani Starr, or Mystic River in any way, despite her illegal statements of Copyright protection otherwise (**Exhibit K**). Co-Defendant Stark has bilked clients out of thousands of dollars, pays no taxes on $400 hourly fees, holds no business license with the state of Hawaii for conducting her business, falsely advertises credentials that The National Academy of Recording Arts & Sciences will attest she has done in the past, forcing advertisers to change the text of her advertising (Affidavits from various publishing entities are also forthcoming), and the list goes on. She has bilked Plaintiff out of thousands of dollars as well, and Plaintiff fully intends to seek to set aside the "judgment" she received in the more than 25 lawsuits she has filed when Defendants were out of town, and on many occasions filing proof of service documents without having served her targets.

A copy of this Complaint is also being supplied to the Internal Revenue Service, The Hawaii Business Licensure Division, and The Hawaii Bar Association (as it relates to my Complaint against Joel Edelman).

Courts have long ruled (See **Exhibit L**) that this sort of internet harassment and libel cannot stand. As **Exhibit M** confirms, Plaintiff has worked more than half of his life to achieve what he has, and still is an entertainer pursuing his career while fighting off the libelous and slanderous internet postings and remarks by the Defendants.

## CONCLUSION

Plaintiff, Brian Evans, files suit in the amount of $5 Million plus damages as determined by this Court of

by a jury. The Plaintiff also agrees to submit to a lie detector test, if so ordered by the Court, to combat any statements made by the Co-Defendants and at his own expense by an agency determined by this court, and will also pay for the co-defendants to do the same, if the court will order this unorthodox, but completely understandable order under these circumstances. Plaintiff would agree to pay all costs associated with such an Order by this Court on all parties of this action to submit to such a lie detector test. As **Exhibit N** confirms, in Cutler v. Stark, she is being sued for the exact same thing, tormenting another individual in the same manner for which she has done on numerous occasions.

Submitted:

_____

BRIAN EVANS

9/27/13