IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BRIAN EVANS,                    )        CIVIL NO. 13-00501 SOM/KSC
                                )
        Plaintiff,              )        ORDER DISMISSING COMPLAINT
                                )        AND DENYING AS MOOT THE
    vs.                         )        APPLICATION TO PROCEED
                                )        WITHOUT PAYMENT OF FEES
LANI STARK,                     )
JOEL EDELMAN, AND               )
MYSTIC LOVE                     )
                                )
        Defendants.             )
_____ )

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT
THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES**

On October 1, 2013, Plaintiff Brian Evans filed a Complaint against Defendants Lani Stark, Joel Edelman, and Mystic Love.  See ECF No. 1.  Evans's Complaint alleges that Stark and Edelman made outrageous and untrue statements about him on various websites amounting to defamation and slander  Id. at PageID # 3 and #5, Counts I and III.  Evans further alleges that Defendants have telephoned, threatened, and cyber-bullied him, causing him emotional distress.  Id. at PageID  # 7, Count II. Evans also alleges that Stark has brought various lawsuits against others that give rise to a fraud claim.  Id. at PageId # 8-9, Count IV.  Evans seeks damages of $5 million in damages. Id. at PageID # 9.

Concurrent with the filing of his Complaint, Evans has filed an application to proceed without prepayment of fees.  See ECF No. 6.  Even if this court assumes that Evans cannot afford to prepay the costs of initiating this action, this court may

deny the motion if it appears from the Complaint that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or that the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  See Tripati v. First Nat'l Bank & Trust, 821 F.2d 139, 140 (9th Cir. 1962).

        The court dismisses the Complaint and denies as moot the motion to proceed without payment of fees because Evans fails to assert claims over which the court has subject matter jurisdiction.  As there are no claims asserted based on federal question jurisdiction, 28 U.S.C. § 1331, Evans must be relying on diversity jurisdiction, 28 U.S.C. § 1332, to assert state-law claims.  However, Evans alleges that both he and Defendants are citizens of Hawaii.  See ECF No. 1, PageID #2.  Because all of the parties are citizens of Hawaii, there is no diversity of citizenship.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (stating that 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Accordingly, the Complaint is dismissed because it fails to allege claims over which the court has subject matter jurisdiction.  The application to proceed without prepayment of fees is denied as moot.

        Evans may file an Amended Complaint no later than October 30, 2013.  In any such Amended Complaint, Evans must allege a claim over which the court has subject matter jurisdiction.  Any Amended Complaint must not incorporate the

original Complaint by reference; it must be a complete document

in itself.  If Evans amends the Complaint, Evans must either pay

the filing fee or submit another application to proceed without

prepayment of fees.  If Evans fails to amend the Complaint by

October 30, 2013, or if he fails to pay the filing fee or submit

another application to proceed without prepayment of fees by that

date, this action will be automatically dismissed.


    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 11, 2013.




                     /s/ Susan Oki Mollway
                     Susan Oki Mollway
                     Chief United States District Judge


Evans v. Stark et al; Civil No. 13-00501 SOM/KSC; ORDER
DISMISSING COMPLAINT AND DENYING AS MOOT THE APPLICATION TO
PROCEED WITHOUT PAYMENT OF FEES